**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

DANIEL GRAJALES, ET AL

**Plaintiff,**

**v.**

PUERTO RICO PORTS AUTHORITY, ET AL

**Defendants.**

**Civil No.** 09-2075 (FAB)

## CASE MANAGEMENT ORDER

The Court issues this Case Management Order pursuant to Rule 16(b) to schedule and plan the course of litigation to achieve a just, speedy and inexpensive determination of this action. F.R.Civ.P. 1. Counsel will: (1) **READ THIS CASE MANAGEMENT ORDER THOROUGHLY AND COMPLY WITH IT STRICTLY**; (2) as officers of the Court, conduct themselves with utmost civility and professionalism toward the Court and each other; See Standing Order in Misc. 07-186; (3) faithfully adhere to the Federal Rules of Civil Procedure and the Court's Local Rules; and (4) earnestly attempt to resolve discovery disputes without the need for Court intervention.

### Case Management Deadlines

The Court has organized the Case Management Order according to the successive milestones that occur throughout the life of the average "Standard Track" lawsuit. See Amended Civil Justice Expense and Delay Reduction Plan for Implementation of the Civil Justice Reform Act of 1990 in the District of Puerto Rico. The

Court has been lenient in allocating time for completion of each milestone to avoid later amendments to the schedule.

Objections to the Case Management Order's deadlines or requirements must be filed by **January 29, 2010.  Unless the Court orders otherwise, the conditions and deadlines set forth in this Order are binding on all parties and counsel.**

## I.    Pleadings

All outstanding pleadings shall be filed by **January 29, 2010.** Unless already filed, Answers to the Complaint shall be filed by that date.  The filing of the Answers will not be deemed as a waiver of any previously filed motions. Any motion to amend pleadings or add parties shall be filed by **February 5, 2010.** The pleadings stage must be concluded by that date.  The Court will dismiss any claims against generically-named defendants after that date.  Amendments will only be allowed according to the Federal Rules of Civil Procedure.

## II.  Joint Case Management Memorandum

### A.    Filing Requirement and Deadline

In order to coordinate the discovery process and set the foundation for an efficient litigation, the parties must file a Joint Case Management Memorandum by **March 1, 2010.** To that end, **COUNSEL MUST MEET at least ten (10) calendar days before the filing deadline** to discuss the case and all pretrial procedures, including

each party's discovery requests and expectations.  Exchanging by e-mail or other method their particular "sections" of the Joint Case Management Memorandum for its filing by one party's counsel is not acceptable.

**B.    Contents of the Joint Case Management Memorandum**

Because the Joint Case Management Memorandum is designed to help both counsel and the Court learn more about the case at an early stage and to delineate the discovery process, the Memorandum must address the following issues:

1.    Each party's factual and legal contentions, with citations to statutes and case law;

2.    Each party's fact and expert witnesses, with a summary of each witness' expected testimony.  When a party announces expert witnesses retained or specially employed to provide expert testimony in the case, the party must provide the expert witnesses' *curriculum vitae* and a summary of the expert's testimony and opinions.  The Court will not permit a party to avoid this requirement by stating that it will announce its expert witnesses once another party announces its expert witnesses, or once another party's expert witnesses produce their expert witness reports.

3.    All documentary evidence to prove the parties' contentions available to each party when the Memorandum is filed,

with a summary of the contents of each piece of documentary evidence;

    4.   All discovery which each party wishes to conduct, including interrogatories, requests for admissions, requests for production of documents or things, requests to permit entry upon land, orders for physical or mental examination of persons and depositions.

    5.   The "Report of Parties Planning Meeting".

    6.   Any other matter.

## III. Initial Case Management and Settlement Conference

    A.   The purpose of the Initial Case Management and Settlement Conference is to review the status of the case and explore settlement possibilities. **The Court firmly believes that the extrajudicial resolution of disputes is the most efficient and effective way to end litigation.** Counsel and the parties are ORDERED to attend the Conference prepared to discuss settlement and to make settlement offers. To that end, counsel must attend the conference with authority to settle the case, and must have their clients present or available by telephone for immediate consultation during the conference under penalty of monetary sanctions. The Initial Case Management and Settlement Conference is hereby scheduled for **March 19, 2010** at **10:00 a.m.**

B.   The parties are further ORDERED to come to the Conference prepared to:

1.   disclose all material facts and bring forth evidence to show such facts;

2.   enter into stipulations of fact;

3.   inform the Court of their legal contentions and their theories of the case, with citations to statutes and case law;

4.   answer all interrogatories, if not previously answered;

5.   produce all documentary evidence, if not previously produced, indexed by page and number or preferably bates stamped;

6.   announce all witnesses, including experts, with a description of each witness' proposed testimony;

7.   schedule possible dates for taking all depositions;

8.   assess any damages claimed;

9.   discuss settlement;

C.   Counsel must attend the Conference with their calendars or agendas with them.

## IV.  Discovery

### A.   Plan and Deadline

#### 1.   Initial Disclosures

Pursuant to Rule 26(a)(1), the parties must, **without awaiting a discovery request**, provide to the other parties the following information: (1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the discovering party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information of all individuals who have discoverable information regarding the case; (2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; (4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. See Fed. R. Civ. P. 26(a)(1)(A)-(D).

The Rule 26(a)(1) mandatory disclosures shall be made **at or within 14 days after** the Rule 26(f) conference (described below).  A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosure.  Absent a Court order, discovery may not commence until the mandatory initial disclosures are made.

### 2.    Rule 26(f) Conference

Pursuant to Rule 26(f), **THE PARTIES SHALL MEET at least 21 days before the Initial Case Management and Settlement Conference, scheduled for March 19, 2010 at 10:00 am**, to consider the nature and basis of their claims and defenses and the possibilities for a prompt resolution of the case.  The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on a proposed discovery plan and for submitting to the Court, **within 14 days** after the Rule 26(f) conference, and **ten (10) days** <u>before</u> the scheduled Case Management and Settlement Conference, a written "Report of Parties' Planning Meeting," which shall include an outline of the discovery plan. The report shall conform to Federal Rules of Civil Procedure

Appendix Form 35 ("Report of Parties' Planning Meeting"), and may be made part of the Joint Case Management Memorandum. **The parties shall include a notice of compliance with Rule 26(a)(1) in their Rule 26(f) joint report. FAILURE TO MEET ACCORDING TO RULE 26(f) AND THIS ORDER SHALL RESULT IN SEVERE MONETARY SANCTIONS ON ALL ATTORNEYS.**

The parties will be independently responsible for complying with the requirements set forth above. In any event, all discovery must be completed on or before **October 11, 2010.**

### 3.   Extensions

The deadlines in this Case Management Order will not be extended without good cause. Any motion seeking an extension must be filed **well in advance of the deadline.** It shall also contain the specific reasons why the Court should extend the discovery deadline, as well as a proposed discovery end date. **The parties will not be allowed to extend discovery on their own by agreeing to do so among themselves. Nor may the parties stay the discovery by agreement. A stay of proceedings requires a Court order. In the absence of a Court order, discovery shall continue even if there is a dispositive motion pending.**

### 4.   Scope

Discovery by any method should be tailored to the limits, scope and spirit of the federal rules of civil procedure, this Court's Local Rules and nothing else.

### 5. Depositions

Counsel should refer to the attached document entitled "Instructions for Discovery Depositions" that establishes the procedures to be followed when depositions are taken.

### 6. Motions Regarding Discovery Disputes

If a disagreement among the parties results in the need to file motions to compel discovery, no motion will be reviewed unless it contains a statement by the movant, pursuant to Local Rule 26(b), that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion.

## V. Dispositive Motions

### A. Filing Deadline

Motions to dismiss or for judgment on the pleadings shall be filed no later than **May 7, 2010.** Motions for summary judgment shall be filed no later than **December 13, 2010.** Oppositions to the dispositive motions shall be filed within the term provided by the Rules of this Court. **No reply briefs will be accepted unless the Court grants leave pursuant to Local Rule 7(c).**

### B. Effect of Filing

**In the absence of a Court order, the filing of dispositive motions does not disrupt the pretrial procedures, including discovery, or suspend the deadlines set in this Order.**

C.  **Guidelines Regarding Dispositive Motion Practice**

If a given issue is mature for summary disposition, the Court expects the parties to file a motion under Rule 56 as soon as the issue ripens.  The Court advises counsel, however, to be selective when filing summary judgment motions.  Dispositive motions as a whole are useful tools for managing certain kinds of issues and cases, but they should be used only after close examination of the facts and applicable law.  Motions anchored on tenuous grounds are to be avoided at all costs.

**The Court will not accept motions "to dismiss and/or summary judgment."**  The standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion for summary judgment requires only that the Court indulge in favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method.  Furthermore, the requirements of Local Rule 56(b) apply only to motions for summary judgment.

The form and length of motions and memoranda of law shall strictly comply with Local Rule 7.1(e).  If the exhibits to any motion dispositive or otherwise exceed 100 pages, a hard copy will be delivered to chambers in addition to their electronic filing.

The Court reminds the parties that a party moving for summary judgment is required to file, pursuant to Local Rule 56(b):

> [A] separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation as required by Local Rule 56(e).

The Court will deny any motion for summary judgment that fails to comply with *any* part of Local Rule 56.

The Court reminds the parties opposing a summary judgment motion that Local Rule 56(e) provides that:

> "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, **shall be deemed admitted** unless properly controverted."

If the opposing party fails to comply fully with the requirements of Local Rule 56(e), the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts.

**VI.  Pretrial and Settlement Conference**

    **A.  Joint Pretrial Order**

The parties shall tender a Proposed Joint Pretrial Order by **March 7, 2011.**  Because the Joint Pretrial Order is **essential** for fruitful settlement efforts, as well as for trial preparation, **the Court will grant no extensions to this deadline.**  Once the Court approves the Joint Pretrial Order, it will govern the trial proceedings; amendments will only be allowed to prevent manifest injustice.

    **B.  Contents**

The Proposed Joint Pretrial Order must conform to the requirements set forth in Local Rule 16(d).  In addition, the Proposed Joint Pretrial Order must contain:

    *  The disclosures required by Rule 26(a)(3)

    *  An itemized Statement of Special Damages

Any party claiming special damages must include a statement detailing the reason and the amount claimed for each special damage.  Any party that disagrees with the proposed statement of special damages must specifically state the basis for

its opposition.  Any special damages not detailed in the Proposed Joint Pretrial Order shall be deemed waived.

* A Certification of Settlement Discussions

Counsel must certify that they "fully explored the possibility of settling this case."  The inclusion of this statement must reflect a true and honest effort to settle the case.

* Technical Words

An alphabetized list of technical words, terms, and unusual names that may be used during the trial must be included in the Proposed Joint Pretrial Order.  To the extent possible, all technical words and phrases should be listed in both Spanish and English.  For the benefit of Court personnel, specifically the court reporter and the court interpreter, in order to facilitate their jobs and assure their accuracy, the list of technical words should also be submitted on a separate page.

## C.  Counsel's Meeting

* **COUNSEL MUST MEET at least fifteen (15) days prior** to the date of the Pretrial and Settlement Conference to discuss the contents of the Joint Proposed Pretrial Order and the possibility of settlement.

* If settlement is not possible, during their meeting the parties will designate and mark exhibits and depositions as indicated in the attached "Instructions to Counsel."  Proposed *voir dire* questions and preliminary and final jury instructions will

also be prepared during this meeting.  They shall be filed along with the Proposed Joint Pretrial Order.

The basic *voir dire* questions and jury instructions are usually prepared by the Court.  **The parties shall not submit *voir dire* questions or jury instructions of the type that are ordinarily used in every case**.  They shall submit **only** special *voir dire* questions or jury instructions or wording that they believe necessary for the specific facts of their case.  *Voir dire* questions or jury instructions should be carefully reviewed prior to submission.  One jury instruction for each specific point will suffice; more than one possible suggested jury instruction for each point should not be submitted.  Differences in specific wording will be resolved at the charge conference.

In an effort to streamline and facilitate the compilation of the jury instructions, the attorneys shall follow the requested format.  Submissions not complying with these requirements will not be considered.

1.   Preliminary jury instructions shall be packaged with the proposed *voir dire* questions.

2.   Each final jury instruction shall appear on a separate page, and be numbered and identified as to the party: e.g. Plaintiff's Proposed Jury Instruction #1.

3.   Each   jury   instruction   shall   have   a   caption identifying its contents, e.g. Interstate Commerce - Definition.

4.   Each   jury   instruction   shall   be   followed   by   a citation to a source, either an accepted pattern book or supporting case law.  Instructions taken from pattern books must be from the **current edition** and be identified by the year as well as the title.

5.   All   jury   instructions   supported   by   case   law, treatises, articles, and the like, shall include as an addendum photocopies of the complete cases or materials cited in the jury instruction.   Each   photocopy   shall   be   identified   as   to   which instruction   number(s)   it   supports,   and   the   specific   section supporting each instruction should be either highlighted or marked with brackets.  **The copies of cases and materials should not be filed, but shall be delivered to Chambers, as indicated below.**

**D.   Scheduling**

The   Pretrial   and   Settlement   Conference   in   this   case   is hereby scheduled for **April 15, 2011** at **9:00 a.m.**

**E.   Amendment**

The Proposed Joint Pretrial Order may be modified only by the Court in order to prevent manifest injustice.

**F.   Further Settlement Negotiations**

The   Court   will   explore   settlement   prospects   at   the Pretrial   and   Settlement   Conference,   because   it   believes   that

extrajudicial resolution of disputes is the most efficient and effective way to end litigation.  To that end, **counsel must have settlement authority and have their clients present or available by telephone for immediate consultation during the Pretrial and Settlement Conference**.

G.    **Motions *in Limine***

All motions *in limine* must be filed **at least ten (10) days prior to the Joint Pretrial and Settlement Conference**.  Any such motions filed after that date will be untimely and will not be considered by the Court.

**VII. Trial**

A.    **Date**

Trial in this matter shall begin **April 25, 2011** at **9:00 a.m.**

It is the policy of this Court that the party who presents witnesses who speak a language other than English must retain and pay an interpreter or interpreters certified by the Administrative Office of the U.S. Courts.  The Court only provides interpreters for criminal proceedings.

Pursuant to Local Civil Rule 3.2(f), the following order of precedence is established to resolve calendar conflicts among judicial officers:

1.    Trials   shall   take   precedence   over   all   other hearings.

2.    Jury  trials  shall  take  precedence  over  non-jury trials.

3.    Criminal  cases  shall  take  precedence  over  civil cases.

4.    Criminal cases involving defendants in custody shall take precedence over other criminal cases.

5.    Among  criminal  cases  not  involving  defendants  who are in custody, the case having the earliest docket number shall take precedence over the others.

6.    Among  civil  cases,  the  case  having  the  earliest docket number shall take precedence over the others.

Counsel are advised that, pursuant to Local Rule 3.2(f), when there is a conflict between court appearances, they have the obligation to notify each Judge involved, in writing, not later than three (3) business days after receipt of the notice giving rise to the conflict, indicating the names and docket numbers of each case and the date and time of the conflicting hearings.

**B.    Final Trial Preparation**

1.    Marking of Exhibits

*    One week before the trial date, the parties will meet with the Courtroom Deputy Clerk assigned to the presiding

judge to review with him or her the exhibit lists in strict
compliance with the attached "Instructions to Counsel."

       *   The marking of exhibits cannot be a *pro forma*
exercise. If at trial the Court becomes aware that the parties did
not engage in a meaningful marking of exhibits' exercise in light
of the Federal Rules of Evidence, appropriate sanctions will be
taken against counsel. <u>See</u> Fed.R.Civ.P. 1 and 20 U.S.C. §1927.

### C. Proposed *Voir Dire* Questions and Jury Instructions

#### 1. Filing Requirement

       In cases that will be tried before a jury, each
party is required to file proposed *voir dire* questions and jury
instructions on the date of the Pretrial and Settlement Conference.
A courtesy copy of the joint proposed *voir dire* questions and jury
instructions should be sent to chambers, preferably by e-mail, or
in hard copy, accompanied by a diskette or CD containing the
complete text of both documents in a format compatible with the
Court's own (WordPerfect 8.0). Each *voir dire* question and jury
instruction will be submitted on a separate sheet of paper.

#### 2. Counsel's Meeting

       During their meeting to discuss the contents of the
Joint Proposed Pretrial Order the parties must discuss the proposed
*voir dire* questions and jury instructions, in order to reach
agreement about, or conciliate differences to, as many questions
and instructions as possible before the filing deadline.

### D.    Consent to Trial Before a Magistrate Judge

\*    Due to the priority of the Court's criminal docket, and in order to provide all parties with the fairest and fastest possible treatment, the Court occasionally refers some pretrial matters to magistrate judges.  The Court strongly encourages all parties to consent to having their cases tried before a magistrate judge, either to the bench or before a jury, pursuant to 28 U.S.C. § 633 and Local Rule 73.  Counsel should discuss this consent with their clients.

\*    The parties to any civil action may consent to have a magistrate judge instead of the assigned Article III judge conduct all proceedings in any civil case, including presiding over a jury or non-jury trial.  A trial before a magistrate judge is governed by the same procedural and evidentiary rules  as a trial before a district judge, and a right of appeal is automatically preserved directly to the United States Court of Appeals under the same standards which govern appeals from district court judgments.

\*    Parties often consent to resolution of their civil disputes by magistrate judge bench or jury trial because:

\*    magistrate judges have less crowded calendars, thus usually permitting parties to secure an earlier and firm trial date;

\*    jurisdiction extends to any civil matter within the jurisdiction of the federal courts;

* a formal trial is conducted under the Federal Rules of Civil Procedure; and

* a full right of appeal is retained.

**E.   Date to Exercise Consent**

Within 30 days from the entry of this Order, the parties will file a motion stating whether they consent to have this case assigned to a United States Magistrate Judge for all further proceedings and entry of judgment under 28 U.S.C. § 636 (c)(1). AO Form 85, Notice, Consent and Order of Reference - Exercise of Jurisdiction by a Magistrate Judge, attached to this order, may be used.  The parties are free to withhold consent from proceeding to judgment before a magistrate judge without adverse substantive consequences.  See 28 U.S.C. § 636(c)(2); Fed.R.Civ.P. 73(b)(2). Each party has a constitutionally protected right to proceed to trial before an Article III judge.  Nonetheless, any party's failure to comply with this order within 30 days will be considered implicit consent to try the case before a magistrate judge and to the entry of judgment by that magistrate judge. See Roell v. Withrow, 538 U.S. 580, 590 (2003).

**VIII. Sanctions for Noncompliance**

The Court takes very seriously its obligations to deliver justice impartially and efficiently.  Noncompliance with any of its orders, including this Case Management Order, may result in the imposition of appropriate sanctions.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 7, 2010.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF PUERTO RICO**

DANIEL GRAJALES, ET AL

    **Plaintiff,**

        **v.**

PUERTO RICO PORTS AUTHORITY, ET AL

    **Defendants.**

**Civil No.** 09-2075 (FAB)

CASE MANAGEMENT ORDER
**Standard Track**
SUMMARY

| DEADLINE | MILESTONE |
|---|---|
| **30 days after** the date of this order | Consent to try case by Magistrate Judge due |
| January 29, 2010 | Objections to deadlines |
| January 29, 2010 | Outstanding pleadings |
| February 5, 2010 | Amend pleadings and add parties |
| February 5, 2010 | Conclusion of pleadings stage |
| February 19, 2010 | Rule 26(f) Conference |
| March 5, 2010 | Initial Disclosures under Rule 26(a)(1) |
| March 1, 2010 | Joint Report of Rule 26(f) Meeting and Joint Case Management Memorandum |
| March 19, 2010 at 9:00 am | Initial Scheduling Conference Under Rule 16(b) |
| May 7, 2010 | Motions to Dismiss |
| October 11, 2010 | Conclusion of discovery |
| December 13, 2010 | Motions for Summary Judgment |
| March 7, 2011 | Proposed Joint Pretrial Order; Proposed *voir dire* and preliminary and final jury instructions due |
| April 15, 2011 at 9:00 am | Pretrial and Settlement Conference |
| April 25, 2011 at 9:00 am | Trial |

# INSTRUCTIONS FOR DISCOVERY DEPOSITIONS

(1) Pursuant to Rule 30(d)(2), unless the Court otherwise authorizes, or the parties otherwise stipulate, **a deposition is limited to one day of seven hours**. The Court will "allow additional time consistent with Rule 26(b)(2) if needed, however, for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed.R.Civ.P. 30(d)(2).

(2) Additionally, as authorized by Rule 30(d)(3), the Court will sanction any person responsible for any impediment, delay, or other conduct that has frustrated the fair examination of the deponent.

(3) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(4) Pursuant to Rule 30(d)(1), "any objection during the deposition must be stated concisely and in a non-argumentative and non-suggestive manner." In addition, counsel shall instruct a deponent not to answer "**only when necessary** to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed.R.Civ.P. 30(d)(1).

(5) Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or limitation on evidence as provided by Rule 30(d)(1).

(6) Counsel shall not make objections or statements which might suggest an answer to a witness. As required by Rule 30(d)(1), counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(7) Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(8) Any conferences which occur pursuant to, or in violation of, guideline (7) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching, and if so, its extent.

(9)  Any conferences which occur pursuant to, or in violation of, guideline (7) shall be noted on the record by counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(10) Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(11) There shall be only one question at a time put to a witness. Counsel shall permit the witness to answer the question fully before propounding subsequent or follow-up questions. If the witness indicates that he or she does not understand the question, counsel shall simply rephrase the question. There is to be no characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the questions repeated by the stenographer from the record or rephrased.

(12) Examining counsel shall not engage in any argument with opposing counsel as to these issues. Rather counsel's objection shall be taken on the record and appropriate relief from this Court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, counsel may note his or her objection and permit the witness to answer the question, subject to the objection.

(13) If a witness or his or her counsel is unclear as to any question, he or she shall advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the question posed to the witness. Neither witness nor counsel shall make any comment or engage deposing counsel in any argument (other than grounds therefor) about the nature of the question or the witness's request for clarification.

(14) Examining counsel shall not interrupt a witness at any time while he or she is attempting to answer a question. Counsel shall await the witness's complete response to a question before advancing any follow-up questions or moving on to a new subject.

(15) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such materials or documents.  At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

# UNITED STATES DISTRICT COURT

_____ District _____

Plaintiff

v.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE
EXERCISE OF JURISDICTION BY A UNITED
MAGISTRATE JUDGE

Case

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____        _____
Date                     United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

DANIEL GRAJALES, ET AL

    **Plaintiff,**

          **v.**                    **Civil No.** 09-2075 **(**FAB)

PUERTO RICO PORTS AUTHORITY, ET AL

    **Defendants.**

## INSTRUCTIONS TO COUNSEL

You are instructed to hold a meeting among yourselves to mark the exhibits and prepare an exhibit list.

The Exhibit List form may be found in the website of the Court. You must meet with the Courtroom Deputy Clerk one week before the trial to review the **typed list** and the exhibits and identifications. These documents must be arranged in a binder and labeled. **Each party is to prepare its own separate list.** A separate list for joint exhibits will also be prepared. The exhibits for the plaintiff(s) are to be marked with <u>numbers</u>, those for the defendant(s) with <u>letters</u>, and the joint exhibits with <u>Roman numerals</u>. No changes will be made to the list, once it is reviewed by the Courtroom Deputy Clerk, except as otherwise indicated. The list will be also be sent by e-mail to the Courtroom Deputy Clerk in the Word Perfect format on or before the trial date.

When filling out the exhibit list form, the three columns requiring information as to the "date offered", "marked as" and

"date admitted as an exhibit" will be left blank.  This information will be filled in by the Courtroom Deputy Clerk during the course of the trial, as the documents are admitted by the Court.  Provide a short description of the exhibit.  You do not have to identify the witness that you will use to present any exhibit.

All exhibits, including deposition transcripts or parts of deposition transcripts to be used at trial as evidence or for impeachment, must be officially translated into English <u>before</u> they are marked.  Documents not in English will not be admitted into evidence.  <u>See</u>, <u>U.S. v. Rivera Rosario</u>, 300 F.3d 1 (1st Cir. 2002.)

If you have any questions on how to fill out the forms, please call the Courtroom Deputy Clerk.