IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL GRAJALES, WANDA GONZALEZ and CONJUGAL PARTNERSHIP GRAJALES-GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>PUERTO RICO PORTS AUTHORITY, ALVARO PILAR VILAGRAN, CARLOS TRAVIESO, MANUEL VILLAZAN LIG-LONG, ELMER EMRIC, GONZALO GONZALEZ SANTINI, MIGUEL ALCOVER (all in their official and Personal capacities) and OTHERS.<br><br>Defendants. | CIVIL NO. 09-2075<br><br>ACTION FOR:<br>DAMAGES AND CIVIL RIGHTS VIOLATIONS<br><br>JURY TRIAL DEMANDED |

## OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON THE PLEADINGS PURSUANT TO FRCP 12 (C)

**COME NOW**, the Plaintiffs by and through their undersigned counsel and respectfully state:

**INTRODUCTION**:

The Defendants Pilar, Alcover, Emeric, Gonzalez and Travieso in their personal capacities only filed a Motion for Judgment on the Pleadings pursuant to FRCP 12 (c). This motion was later joined by these same defendants in their "Official" capacity and co-defendant Puerto Rico Port Authority (PRPA). The Magistrate Judge has now issued a Report and Recommendation pursuant to the parties' filings. The Plaintiffs herein respectfully file their Objections to that Report and Recommendation by the Magistrate Judge.

Case 3:09-cv-02075-PAD    Document 108    Filed 02/25/11    Page 2 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 2 of 15

## APPLICABLE PROCEDURAL STANDARD FOR REVIEW

FRCP 72(b), reads in relevant part;

> 1) ... *A record must be made of all evidentiary proceedings and may at the magistrate judge's discretion be made of any proceedings. The Magistrate judge must enter a recommended disposition, including proposed findings of fact. The clerk most promptly mail copies to each party.*
> 2) *Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.*
> 3) *The District Judge must determine de novo any oar of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.*

Pursuant to the above the Plaintiffs' herein file their objections to the Magistrate's Report and Recommendations. *If a party makes a makes a timely written objection to the proposed findings and recommendations of the magistrate judge, the district judge must make a de novo review of the record.* See 28 U.S.C.A. sec. 636 (b)(1)(C); <u>Rajaratnam v. Moyer</u>, 47 F. 3d 922 (7th Cir 1995); <u>Taylor v. Farrier</u>, 910 F.2d 518 (8th Cir. 1990) *"in conducting de novo review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."* Failure to make a timely objection reviews in waiver of appellate review of magistrate's findings and recommendations. See <u>International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems Inc.</u> 52 F.3d 901 (10th Cir. 1995).

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 3 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 3 of 15

## ARGUMENT

A.

The Magistrate erred in concluding that the Second Amended Complaint (SAC) *"also lacks sufficient factual allegations to sustain material elements necessary that would allow plaintiffs relief under an actionable theory"* (Report & Recommendation @ p. 2). The Second Amended Complaint consists of over 50 paragraphs and it was filed after the Magistrate had allowed Plaintiffs to file the Amended Complaint because the Original Complaint lacked sufficient factual allegations to sustain material elements required for relief per <u>Iqbal</u> and <u>Twombly</u>. Thus the Magistrate is now essentially reversing herself. The more than 50 paragraph Second Amended Complaint consist of very specific instances or sufficient factual allegations to sustain material elements necessary to allow relief.

In the first ten paragraphs the Plaintiffs identify the parties, which include a very specific and detailed description of who Plaintiff is, and the circumstances surrounding the parties. Paragraph 11 – 18 provide in detail the damages and civil rights violations, together with dates which have been the actions and omissions caused and specifically alleged by the Plaintiffs to ensue in damages and Civil Rights violations. Paragraphs 19-46 establish the specific knowledge and actions and omissions of each defendant from whom it is being alleged. Then paragraphs 47 – 51 provide the legal basis, legal nexus, pray for relief and reassert its damages. The SAC provides more than sufficient

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 4 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 4 of 15

factual allegations to sustain material elements necessary for relief under an actionable theory.

The Magistrate's Report and Recommendation also erred in concluding that the Defendants' Motion should be granted because it was not issued *"upon a timely motion if the non-movant's factual allegations 'raise a right to relief above the speculative level...' quoting Twombly."* (Report & Recommendation @ p.3). The motion was filed over ten months after the Amended Complaint (the Second Amended Complaint was a mere esthetic amendment due to a change of the Director of the PRPA). Thus the defendants' motion was under no interpretation filed "timely". Why would the defendants answer the complaint, conduct some discovery, fail to comply with discovery requested by Plaintiffs and wait ten months before they objected to the Second Amended Complaint and with a Pre-trial fast approaching? The Magistrate should have denied the Motion without a need to consider the merits given its extremely late filing, which is also known as Laches. In fact such a late a filing may be found to have been made in bad faith (particularly in light of the defendants' failure to cooperate in discovery and the Order granting a Motion to Compel); an action which could be deemed sanctionable.

The Magistrate also erred in granting the Motion by Defendants for as the Magistrate states: *"... a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, involves some assessment of the merits, a Court of Appeals views the facts contained in the pleadings in the light most favorable to the party opposing the motion and draws all reasonable inferences in the plaintiffs' favor."* The Magistrate failed to draw all 51

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 5 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 5 of 15

itemized inferences in Plaintiffs favor and failed to consider the arguments contained in the opposition in the light most favorable to the Plaintiffs "the party opposing the motion".

The Magistrate failed to at least entertain some assessment of the merits. Plaintiffs also identified each individual defendant, in compliance with the requirements in <u>Iqbal</u> and <u>Twombly</u> and how each individual defendant had knowledge of and participated in the allegations of damages and civil rights (SAC parr. 20 - 46). Plaintiffs also alleged their political background; the benefits Grajales received due to his political affiliation (he was assigned by former Director Bonilla to be the PRPA' Interagency Coordinator for Emergency Management, a non-career post as it only given on a confidence basis) see SAC parr 3. At paragraphs 47 - 50 the plaintiffs alleged which statutes the defendants violated, that the "... defendants belong to a different party than that of Plaintiff's political affiliation."; and they alleged how the actions and omissions were "... *based on political discrimination ... due to their political and party affiliation, which were a substantial and motivating factor.*"; and how those actions were causally related to the resulting injuries and violations. Thus an objective assessment of the merits would lead the Court to conclude that Plaintiff does state a claim.

The Magistrate's Report and Recommendation erred in that it concluded that: "*... an examination of Plaintiffs' claims has failed to state a claim upon which relief may be granted for failure to establish a prima facie case of political discrimination for lack of any factual allegation that the co-defendants even knew about Grajales' political affiliation.*" This is an

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 6 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 6 of 15

incorrect legal conclusion given the clear track record (pled) of Grajales professional career and designations due to his political affiliations and, which provided defendants with knowledge of his political affiliation and basis for their illegal actions and omissions (SAC parr 3). Grajales pled, without question that the defendants knew of his political affiliation and provided the basis for said knowledge. And as the Magistrate explains; " ... *even upon such a mention it would have been insufficient , without more, to establish a violation or discriminatory animus.*" That is precisely why Plaintiffs undertook excruciating detail in their factual allegations to comply with the "more" of the requirement, both for purposes of the political animus and the Iqbal & Twombly requirements.

Is worth noting that the report then provides what appears to be an indication that there is basis to the Plaintiffs claim; "*The allegations presented in the Second Amended Complaint can be succinctly stated as Plaintiff Grajales being treated in a disrespectful manner, being subject of some adverse employment action for no justifiable reason or no reason whatsoever, and the failure of answering some emails or correspondence complaining of the events by top management*" (p. 11). Per the Magistrate's own assessment this is but in "succinct" fashion. The report provides an indication that there is a substantive basis to the Plaintiff's complaint. The main issue, per the report appears to be "*... the causal link to attribute these acts to a political animus is summarized only at paragraph 48 which attribute the two different political party affiliation, without more.*"

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 7 of 15

<u>Daniel Grajales et al. v Puerto Rico Ports Authority et al.,</u>
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 7 of 15

We respectfully ask the Court; is this Report to dismiss under FRCP 12 for failure to present a well pleaded complaint or more an issue of "semantics"? We explain ourselves.

The report emphasizes that "*In order to survive a motion dismiss, as judgment on the pleadings, plaintiff Grajales need not establish a prima facie case but needs to meet its burden under Fed.R.Civ.P.8(a)(2) standard with the caveat of the discussion in Ashcroft v. Iqbal, 556 U.S. - ... According to said Rule 8, a complaint does not have to state 'detailed factual allegations' but it has to indicate 'more than an unadorned, the-defendant-in-lawfully-harmed-me-accusation*". The report contends Plaintiff Grajales has failed to do this.

As we stated above herein lays the issue and the thesis of said recommendation. Well then, let us review the Second Amended Complaint. In the first ten paragraphs the Plaintiffs identify the parties, which include a very specific and detailed description of who Plaintiff is, and the circumstances surrounding the parties. Paragraph 11 – 18 provide in detail the damages and civil rights violations, together with dates which have been the actions and omissions caused and specifically alleged by the Plaintiffs to ensue in damages and Civil Rights violations. Paragraphs 19-46 establish the specific knowledge and actions and omissions of each defendant from whom it is being alleged. Then paragraphs 47 – 51 provide the legal basis, legal nexus, pray for relief and reassert its damages.

Is it then more of a semantical question that Plaintiffs, instead of pleading the causal link at paragraph 48 by stating it was attributable to each incident plead in the

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 8 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 8 of 15

previous 40 paragraphs, should have been pled line by line? This is what it appears. It is not an issue of whether it was well pled or not but rather where and when it was pled. We respectfully argue to the Court that this is not a basis to recommend dismissal.

The Magistrate's contention that Plaintiffs "... *Second Amended Complaint shows that it lacks once again a minimal factual development of a scenario as to the causal connection between the challenged employment action and –besides the label provided in the complaint of such action being discriminatory, harassing and unfair – and any conduct protected by the First Amendment that would have amounted to political discrimination by the co-defendants."* is legally incorrect. Contrary to the Magistrate's findings Plaintiffs did in fact establish at least a minimal factual scenario of the causal connection between the challenged employment action and the conduct protected by the First Amendment. It is not an issue of "the challenged employment action" but rather the "actions" which have been challenged. Plaintiff clearly enumerated them in paragraphs 15, 20 – 46. In paragraphs 20 – 46 specific details of these were provided, together with the identity of the specific defendant involved in each instance. Some of those include reprimands without any justification; suspension of official sidearm without justification; illegal transfer to Mercedita Airport; failure of being provided with an official vehicle; threats of suspension without justification; persecution; false accusations leading to false charges filed against Grajales; the illegal failure to provide him with any reimbursement for travel expenses and being persecuted and videotaped. To name a few. Plaintiff

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 9 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 9 of 15

Grajales pled this actions were done with a substantial and motivating political discrimination, in violation of his First Amendments rights (SAC parr. 48). As such if all these alleged actions were as alleged due to substantial and motivating political factors, namely Grajales belonging to the opposing party of the defendants, then the minimum threshold has been pled by the Plaintiffs.

Accordingly the conclusion that the Plaintiffs lack a minimal factual causal connection between the various challenged employment actions and conduct protected under the First Amendment is in error.

That the "... Second Amended Complaint lacks any discriminatory remarks attributed to any of the co-defendants." as the Magistrate concludes is incorrect. In fact Plaintiffs have demonstrated that the defendants went beyond mere "discriminatory remarks". Defendants went beyond co-defendant Gonzalez' remarks of desiring to have co-Plaintiff Wanda Gonzalez be transferred out as reprimand against Plaintiffs; defendants in fact had Grajales transferred to the Ponce Airport. Their actions really did speak "louder than words" they suspended, transferred, harassed, falsely accused (bringing criminal charges against him) and persecuted Grajales (SAC 20-46). Thus the Magistrate's conclusion in incorrect.

B.

Wanda Gonzalez and the Community comprised of both Grajales and Gonzalez are not alleging violations under Section 1983. However because the claim is one for

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 10 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 10 of 15

1983 violation and damages they do have standing to be indemnified under the applicable Civil code article, 1802, just as Plaintiff Grajales does. Commonly known as Pendent Jurisdiction, one type of ancillary jurisdiction, both Plaintiffs Gonzalez and the Community can file this claim because their claims arise from the same set of facts as the federal law claim. See <u>Corporacion Venezolana De Fomento v. Vintero Sales Corp.</u>, 477 F. Supp. 615, 622 (S.D.N.Y.) and <u>Siler v. Lousville & Nashville Railroad</u>, 213 U.S. 175 (1909). Accordingly the Magistrate's report is partially incorrect in this matter.

## Background and Procedural History

As we pointed out in our Opposition to the Motion for Judgment on the Pleadings, with few exceptions the defendants' Motion for Judgment was a rehashing of their previous Motion to Dismiss which had been previously filed pursuant to <u>Bell Atlantic Corporation v. Twombly</u> 127 Supreme Court 1955 (2007) and <u>Ashcroft v. Iqbal</u> 556 US--, 129 Supreme Court 1937 (2009) under FRCP 12(b)(6). That prior Motion was already ruled on by this Court. As defendants themselves have pointed out; back on December 21, 2009 those same defendants filed a Motion to Dismiss pursuant to FRCP 12 (b) (6).

At the time the Court denied the defendants' motion and allowed the plaintiffs to file an Amended Complaint. Once the Court had an opportunity to review the Amended Complaint it, denied the defendant's motion to dismiss (under the auspices of FRCP 12(b)(6), <u>Iqbal</u> and <u>Twombly</u>) essentially the defendants' arguments had been

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 11 of 15

mooted as the plaintiffs provided specific line items with allegations against each individual defendant. Thus on February 26, 2010 Plaintiff's filed their amended complaint (docket 31), per Court order (docket 26) and on March 2, 2010 the Court issued its Report and Recommendation on Defendant's Motion.

On April 21, 2010 leave to file a second amended complaint was filed, it was granted on April 22, 2010. Some procedural filings followed this, specifically dealing with this matter (Plaintiff's were under the impression the Second Amended Complaint had been entered following the Court's order). Eventually the matter was clarified and the defendants filed their answers. The basis of the amendment was due to a change in directorship of the PRPA, namely the Director. That was the thrust of the amendment.

Due to a lack of cooperation, from these defendants Plaintiffs have been unable to complete discovery. Of noteworthy significance is the fact that a number of the individual defendants have not yet been deposed, namely Miguel Alcover and Elmer Emeric. The latter was compounded with PRPA' failure to respond to the written discovery and failure to have at least on two occasions a 30(b)(6) representatives available for his/her deposition. The reason for which on November 8, 2010 Plaintiff's filed a Motion to Compel with supporting brief and documentation (docket 70). On November 16, 2010 the Motion was granted. Defendant's never filed a motion for reconsideration. Following this several notices of deposition were filed. Later they were canceled at the request of the defendants indication they were not available. Although Plaintiff did not have to do this, given the order they provided the defendants

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 12 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 12 of 15

another opportunity. How do the defendant's respond to this courtesy by the Plaintiffs' with a Motion to Dismiss; this on the same day the Notice of Cancelation of Depositions are filed!

As such, the Court should look through the heart of the matter in the Motion filed by the defendants; as nothing more than an obstruction to the proceedings in this case. Since August, 2010 the plaintiffs have been attempting to take the depositions of the remaining defendants, as a matter of fact, (docket 54) was a Notice of Deposition which later had to be cancelled because no one was available for that deposition. All of this we explained in succinct detail to the Court in our Motion to Compel, which was granted. The amended complaint was filed ten months prior to defendants filing their motion! Thus we must ask ourselves what is really driving the Motion filed by the defendants at this eleventh hour? The late filing by Defendants of this motion, under other circumstances could be considered laches. In our circumstances, given the above it is suspect and per the applicable rule it is impermissible.

## APPLICABLE STANDARD FOR FRCP 12 (C) MOTIONS:

A motion under FRCP 12 (c) is generally treated in the same manner as a Rule 12 (b) (6) motion to dismiss. See: Vickers v. Fairfield Med Cntr., 453 F3d. 757 (6th Cir 2006); Guise v. BMW Mortgage 377 F. 3rd 795 (7th Cir. 2004); Nele v. Federal Reserve Bank 359 F. 3rd 251 (3rd Cir. 2004); Cleveland v. Caplaw Enters, 448 F3d 518 (2nd Cir. 2006); Park Univ. Enters. Inc. v. American Gas Co., 442 F 3d 1239 (10th Cir 2006); Perez-Acevedo v. Rivero-

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 13 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 13 of 15

Cubano, 520 F.3d 26 (1st Cir. 2008) and Pasdon v. City of Peabody, 417 F3d 225 (1st Cir 2005). The pleadings are construed liberally and the Court accepts all well-pleaded material allegations of the nonmoving party as true and views all facts and inferences in the light most favorable to the pleader. R.G. Fin. Corp. v. Vergara Núñez, 644 F. 3d 178 (1st Cir 2006). The Court reads the facts in the light most favorable to the non-movant, granting all reasonable inferences in its favor. Zipper v. Raytheon Co. Inc., 493 F. 3d 50 (1st Cir. 2007) and Estate of Bennet v. Wainwright, 548 F. 3d 155 (1st Cir. 2008). The Court does not resolve contested facts. Aponte Torres v. University of Puerto Rico, 445 F3d 50 (1st Cir. 2006). A pleading's legal conclusions however are not deemed admitted See: Mixon v. Ohio 193 F. 3rd 389 (6 Cir. 1999), See also, Republics Steel Corporation v. Pennsylvania Engineering Corporations 785 F. 2nd 174 (7th Cir. 1986) noting that reasonable inferences are drawn in favor of non-moving party.

Rule 12 (c) judgment would be granted only if it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief. See: Vickers v. Fairfield Med Cntr., 453 F3d. 757 (6th Cir 2006). The pleader's choice of pleaded theories is not necessarily dispositive; the court will inquire whether relief for the pleader is possible under any set of facts that might be established consistent with the allegations. See Smith v. City of Salem, 378 F3d 566 (6th Cir 2006); see also: Brithan Communications International Corporation v. South Western Bell Telephone Company 313 F. 3rd 899 (5th Cir. 2002); United States v. Any and All Radio Station Transmission Equipment 207 F. 3rd 458 (8th Cir. 2000); Gustaveson v. Jones 117 F. 3rd 1015 (7 Cir. 1997).

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 14 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 14 of 15

The FRCP 12 (c) test is to be applied with particular strictness in cases involving Federal Rights Claims. See; _Deravin v. Kerick_ 335 F. 3rd 195 (2nd Cir. 2003), See also, _Irish Lesbian and Gay Organization v. Giuliani_ 143 F. 3rd 638 (2nd Cir. 1998) in such cases the Court has characterized the pleading requirement as very lenient, even de-minimis See, _Deravin_ et. seq.

A motion for judgment on the pleadings filed too long after the pleadings are closed may be refused as untimely. See Rule 12(c) "motion must be made after the pleadings are closed but within such time as not to delay the trial"; see General Electric Co. v. Sargent & Lundy, 916 F. 2d 1119 (6th Cir 1990), reversing "timeliness" denial of Rule 12(c) motion where no allegation of prejudice was pressed and where the basis for any alleged prejudice was not articulated.

## CONCLUSION

The Report and Recommendation of the Magistrate Judge is in error for all the above mentioned circumstances. In light of the above it is respectfully requested that the District Court disregard the Report, and order the parties to complete discovery per the Order of the Magistrate granting the Motion to Compel and prepare for trial as scheduled. In the alternative it is respectfully requested that the Court allow Plaintiffs to amend their allegations accordingly.

Case 3:09-cv-02075-PAD   Document 108   Filed 02/25/11   Page 15 of 15

Daniel Grajales et al. v Puerto Rico Ports Authority et al.,
Objection to Magistrate Judge's Report & Recommendation on the Pleadings Pursuant to FRCP 12 (c)
Page 15 of 15

**WHEREFORE**, it is respectfully requested that the Court deny the Report and Recommendation of the Magistrate Judge and order the parties to complete discovery, in the alternative that Plaintiffs be given leave to file a Third Amended Complaint.

Respectfully submitted,

LAW OFFICES OF WILFREDO A. GEIGEL
Attorneys for Plaintiffs

Dated: February 25, 2011

By: s/ Eugenio Géigel-Simounet, Esq.
Eugenio W.A. Geigel-Simounet, Esq.
U.S.D.C. No. 220601
PO Box 9187, San Juan, PR 00908
Tel: (340) 778-8069
egeigel@gs-lawoffices.com
victoria@gs-lawoffices.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of February, 2011 I electronically filed the foregoing Opposition To Motion For Judgment On The Pleadings with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

José Vázquez García, Esq.,
Maza & Green, PSC,
P.O. Box 36402,
San Juan, P.R. 00936
jvglaw@aol.com

Yadhira Ramírez Toro, Esq.,
Department of Justice General Litigation Office
Federal Litigation Division
P.O. Box 9020192,San Juan,
Puerto Rico 00902- 0192
yaelrivka@yahoo.com, yaelrivka@justicia.gobierno.pr

s/Eugenio Géigel-Simounet, Esq.