IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL GRAJALES,
WANDA GONZALEZ and CONJUGAL
PARTNERSHIP GRAJALES-GONZALEZ,

**Plaintiffs**,

v.                                              CIVIL NO. 09-2075 (FAB)

PUERTO RICO PORTS AUTHORITY, *et. al.*,

**Defendants**.

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiffs' Daniel Grajales' ("Grajales"), Wanda Gonzalez's ("Gonzalez"), and their conjugal partnership's[1] motion to amend their complaint once again. (Docket No. 132.) Having considered the proposed amended complaint, (Docket No. 132-1), the defendants' opposition, (Docket Nos. 137 & 140), and the plaintiff's replies to defendants' opposition, (Docket Nos. 142 & 144), the Court **GRANTS** the motion to amend the complaint.

**DISCUSSION**

**I.   Background**

On October 16, 2009, plaintiff Grajales filed a complaint against the defendants.  (Docket No. 1.)  The complaint included a

---

[1] Because the claims of Grajales' wife are wholly derivative, the Court will refer to Grajales as if he were the only plaintiff.

Civil No. 09-2075 (FAB)                                                2

general claim for civil rights violations under 42 U.S.C. sections 1983 and 1985, state claims for damages under the tort statutes of the Commonwealth of Puerto Rico, and Puerto Rico Law No. 100 for alleged discrimination. Id. Plaintiffs filed an amended complaint pursuant to a court order on February 26, 2010. (Docket No. 31.) Plaintiffs filed a second amended complaint on September 27, 2010. (Docket No. 66.) The second amended complaint included as defendants the Puerto Rico Ports Authority ("PRPA"), a public corporation, and co-defendants Alvaro Pilar-Vilagran ("Pilar"), Miguel Alcover-Colon ("Alcover"), Elmer Emeric-Oliver ("Emeric"), Gonzalo Gonzalez-Santini ("Gonzalez-Santini"), Carlos Travieso ("Travieso"), among others in their official and personal capacities (collectively, "defendants"). (Docket No. 66.) Plaintiff Grajales argued in the second amended complaint that defendants subjected him to political discrimination through a variety of occurrences. Id.

On January 13, 2010, the Court referred the case to a magistrate judge. (Docket No. 23.) Among several other motions that were filed and disposed of, defendants filed a motion for a judgment on the pleadings on December 9, 2010, and alleged that the plaintiff's second amended complaint failed to set forth sufficient factual content to state a plausible claim for relief. (Docket No. 82.) On January 25, 2011, the magistrate judge recommended

Civil No. 09-2075 (FAB)                                                    3

that the Court grant the motion.  (Docket No. 103.)  On March 3, 2011, the Court adopted the recommendation of the magistrate judge and entered judgment.  (Docket Nos. 110 & 112.)  On June 13, 2012, the First Circuit Court of Appeals reversed the Court's opinion on the plaintiff's political discrimination claim and remanded for further proceedings.  (Docket Nos. 126 & 127.)

On August 2, 2012, plaintiff filed a motion to amend and correct his complaint.  (Docket No. 132.)  Plaintiff argues that while the case was on appeal, the PRPA wrongfully fired him.[2]  Id. at p. 1.  Therefore, he wants to amend the complaint to add a

---

[2] Grajales filed two letters from the PRPA - one from March 2011 and one from May 2011 - written wholly in Spanish unaccompanied by any English translation. (Docket No. 142-1 at pp. 7-11 and pp. 13-14.)  The Court, however, will not consider the letters until plaintiff files English versions pursuant to Local Rule 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreters certified by the Administrative Office of the United States Courts. Certification by a federally-certified interpreter may be waived upon stipulation by all parties."); see also 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language.")  The rule has been enforced in cases, like this one, where the Spanish language documents are key to the outcome of the proceedings. Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).

Civil No. 09-2075 (FAB)                                                    4

wrongful dismissal claim to defendant PRPA[3] and add his children as plaintiffs in the suit for damages.  Id.

On August 15, 2012, defendant PRPA filed an opposition to plaintiff's motion to amend his complaint.  (Docket No. 137.)  The Court ordered plaintiffs to respond to the defendants' opposition by August 17, 2012. (Docket No. 138.) On August 16, 2012, defendants PRPA, Pilar, Alcover, Emeric, Vilagran, Gonzalez Santini, and Travieso filed a motion supplementing their response in opposition to the plaintiff's motion to amend the complaint. (Docket No. 140.)  With that motion, the defendants also filed a copy of a letter authored by the plaintiff's counsel.  (Docket No. 140-1.)  On August 17, 2012, plaintiff filed a motion in compliance

---

[3] In the third amended complaint, the plaintiff lists the new plaintiffs in the caption and text of the complaint, (see Docket No. 132-1 at p. 1 and ¶ 4), but fails to include any new defendants in the caption and fails to list them in the third amended complaint along with the other defendants (see Docket No. 132-1 at pp. 1-3).  In his March 13, 2012 letter, plaintiff Grajales states that "all defendants to be named in said claim to be filed . . . will be attorney Hilda Rodriguez Manzano of the PRPA legal department and Mr. Jorge Santiago Marrero (Chago), former Aguadilla Airport Manager, and the Puerto Rico Port Authority (PRPA)."  In the plaintiff's opposition to the defendants' motion supplementing their response, however, plaintiff indicates that "the proposed third amended complaint, as it pertains to the wrongful discharge and all of the allegations addressing said issue are addressed only to the [PRPA]."  (Docket No. 144 at p. 3.)  Therefore, the Court will also only address the wrongful dismissal claim with regards to defendant PRPA.

with the Court's order to reply to defendants' opposition to amend the complaint. (Docket No. 142.)

The defendants argue that plaintiff's third amended complaint, which plaintiff tendered with their motion, is a working draft with corrections and deletions, and, therefore, fails to comply with the Court's Local Rules of redaction. (Docket No. 137 at ¶ 3.) Second, the defendants argue that plaintiff has failed to file his complaint within the one-year statute of limitations for section 1983 claims. <u>Id.</u> at ¶¶ 4 & 9. The defendants contend that plaintiff Grajales was fired from his job as the security supervisor on May 20, 2011, which was over a year from the date when plaintiff filed his motion to amend the complaint on August 2, 2012. <u>Id.</u> at ¶ 4. The defendants admit that plaintiff sent them a letter prior to the expiration of the statute of limitations, which plaintiff argues tolled the statute of limitations. (Docket No. 140 at ¶¶ 3-4.) The defendants claim, however, that the plaintiff's letter fails to comply with the Puerto Rico tolling statute for damages claims, Article 1873 of the Civil Code, P.R. Laws Ann. Tit. 31, § 5303. (Docket No. 140 at ¶¶ 3-4.) Thus, the defendants request that the Court deny the plaintiff's motion to file a third amended complaint to add the wrongful dismissal claim. The Court finds the defendants' arguments unavailing and will address each argument in turn.

Civil No. 09-2075 (FAB)                                                    6
_____

**II.  Legal Analysis**

    **A.  Applicable Law Governing Statute of Limitations**

A section 1983 claim is a federal claim and "federal law determines the date on which the claim accrued." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009) (internal citation and quotations omitted).  The statute of limitations period starts running when a plaintiff "knows or has reason to know of the injury which is the basis for his claim."  Id. (internal citation and quotations omitted).  The statute of limitations and tolling rules, however, are drawn from state law, as long as the tolling provisions are consistent with underlying federal policy.  Rodriguez v. Municipality of San Juan, 659 F.3d 168, 173 (1st Cir. 2011) (internal citations omitted); see also Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 137-38 (1st Cir. 2006).  Here, Puerto Rico's one-year statute of limitations governing tort actions applies to plaintiff's claim.  Rodriguez, 659 F.3d at 173.  The parties do not dispute this.  In Puerto Rico, the applicable provisions for tolling are located in article 1873 of the Civil Code.  See P.R. Laws Ann. Tit. 31, § 5303.  Article 1873 provides three ways that a plaintiff can toll the statute of limitations:

> "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." Id.

Civil No. 09-2075 (FAB)                                                 7

Only one method - the sending of an "extrajudicial" letter - is applicable in this case.  "[A] letter sent by a tort plaintiff to the tortfeasor, complaining of the tortious conduct and demanding compensation is an extrajudicial claim that, if timely, interrupts the prescription of the cause of action in tort." Santana-Castro, 579 F.3d at 114 (citing Tokyo Marine & Fire Ins. Co. v. Perez y Cia. de P.R., Inc., 142 F.3d 1, 4-5 (1st Cir. 1998)).  Therefore, an extrajudicial letter only has a tolling effect if it is "identical" to a complaint that is then filed. Santana-Castro, 579 F.3d at 114 (internal citations omitted).  An extrajudicial letter is "identical" to a subsequently filed complaint if it meets three elements:  1) the extrajudicial letter and complaint seeks the same kind of relief; 2) "[t]he causes of action asserted [in the complaint] must be based on the same substantive claims" as those asserted in the letter; and 3) "provided that other Puerto Rico tolling statutes do not rescue the claims on other grounds, they must be asserted against the same defendants in the same capacities; new defendants should not be added." Id. (internal citations omitted).

The Puerto Rico Supreme Court has held that when considering whether the identicality requirements are met, the main principle to keep in mind is whether the letter gives "fair notice of the claims that are subsequently raised." Santana-Castro, 579

Civil No. 09-2075 (FAB)                                                 8

F.3d at 115 (citing <u>Cintron v. Estado Libre Asociado de P.R.</u>, 27 P.R. Offic. Trans. 582, 1990 WL 658719 (1990)); <u>see also</u> <u>Rodriguez-Garcia v. Municipality of Caguas</u>, 354 F.3d 91, 97 (1st Cir. 2004) ("The identicality requirement prevents plaintiffs from circumventing the notice function of the statutes of limitations by asserting different claims in belated federal court complaints.").

    **B.    Plaintiff Grajales' "Extrajudicial" Letter**

The letter sent by Plaintiff Grajales' counsel on March 13, 2012, meets all three of the identicality requirements, and, therefore, tolls the one-year statute of limitations against PRPA.

    **1.    Whether the Same Relief Was Sought**

First, plaintiff's letter and the third amended complaint seek the same relief. Defendants contend that the plaintiff's letter seeks different relief from the third amended complaint. (Docket No. 140 at p. 4.) They argue that in the March 13, 2012, letter, plaintiff sought "relief" in the form of "a meeting to discuss the issue of plaintiff Grajales's termination." <u>Id.</u> They also argue that "[a]t no moment throughout the six page letter [do plaintiffs ask] for monetary indemnification and for costs and attorney's fees as they did in the federal court complaint . . ." <u>Id.</u> Defendant fails to address, however, all of the details that plaintiff sets out in his letter.

Civil No. 09-2075 (FAB)                                                      9

While the plaintiff did ask to set up a meeting in the letter, he first specified that the letter's purpose is to give "formal notice of a potential judicial claim in connection with the wrongful termination of Mr. Daniel Grajales on May 20, 2011." (Docket No. 140-1 at p. 1.)  Contrary to the defendant's claim that the plaintiff does not ask for monetary indemnification, the plaintiff specifies that both he and his children "have suffered severe damages which include but are not limited to psychological and emotional damages, expenses, loss of income, medical expenses and loss of future income." Id.  Furthermore, the plaintiff lists a variety of laws that covers his claim, including specific articles of the Puerto Rico Civil Code, federal law, and the Puerto Rico and United States Constitutions. Id. at pp. 1-2.  While the defendants could have argued - but they did not do so - that the request for damages and statement of which laws the claims fall under might be too general, the First Circuit Court of Appeals has stated that the plaintiff has some room to vary between the letter and the complaint as long as the plaintiff puts defendant on notice of a potential lawsuit for damages. See Rodriguez-Garcia, 354 F.3d at 98 (holding that the allegation of damages alone is sufficient to give defendants the required notice that they might have to defend a damages lawsuit) (internal citation omitted); see also Santana-Castro, 579 F.3d at 115 (finding that even though

Civil No. 09-2075 (FAB)                                                                  10

plaintiff's letter states a different amount of damages than the complaint, plaintiff still meets the first identicality requirement because the letter put defendant on notice of a potential lawsuit for damages).  Plaintiff's letter certainly gives defendants notice that there is a potential lawsuit involving damages because, after writing several sentences on the aforementioned items, plaintiff then states "[y]ou are hereby also placed on notice that all defendants to be named in said claim to be filed in the United States (sic) District Court will be . . ." and proceeds to list the names of the possible defendants.  (Docket No. 40-1 at p. 2.)  Defendants do not dispute this; in fact, defendants acknowledge that plaintiff said he would file a complaint if defendants made no attempt to discuss the issues in the letter.  (Docket No. 140 at ¶ 11.)   Therefore, the plaintiff meets the first identicality requirement he seeks the same relief in both the letter and the subsequent complaint.

        2.    **Whether the Causes of Actions Are Based on the Same Substantive Claims**

The Court finds that plaintiff's letter and subsequent complaint assert the same substantive claims. Plaintiff explained in sufficient detail  "to put defendant on notice of the general nature of [his] claims".  <u>Santana-Castro</u>, 579 F.3d at 115-116 (internal citation omitted).  Both claims "rely on the same

Civil No. 09-2075 (FAB)                                                   11

substantive legal ground." Rodriguez-Garcia, 354 F.3d at 98. Both the letter and the complaint assert that the PRPA wrongfully terminated Grajales from his position under the pretense that he was insubordinate when the real reason for his termination was his political affiliation. (Docket Nos. 140-1 at p. 1 and Docket No. 132-1 at ¶¶ 55-61.) Although plaintiff's letter did not expressly refer to the exact constitutional provisions or federal laws under which he would file the claim, plaintiff certainly provided defendants with enough facts to put them on notice about what kind of claim the plaintiff would file in court. Furthermore, the First Circuit Court of Appeals has stated that "the *substance* of the claims alleged" is not affected when a plaintiff does not specifically refer to particular sections of the United States Code or other procedural vehicles. Rodriguez-Garcia, 354 F.3d at 99. The plaintiff clearly stated in his letter that he has a "potential judicial claim in connection with [his] wrongful termination . . . [which] arises out of a history of political persecution, discrimination . . ." (Docket No. 140-1 at p. 1.) Furthermore, he provided nearly four pages of facts, most of which are also included nearly verbatim, in the subsequent third amended complaint. Therefore, plaintiff Grajales' causes of action in his letter and complaint were based on the same substantive claims.

### 3.   Whether the Claims Are Asserted Against the Same Defendants in the Same Capacities

Finally, the Court also finds that plaintiff asserts claims against the same defendants in the same capacities in his amended complaint as he did in his March 13, 2012 letter. Defendants argue that, with regards to this third prong, plaintiff did not address the letter to "any of the current defendants in the instant case. Said letter was sent to three persons none of which is a party in the instant case." (Docket No. 140 at ¶ 9.) The requirement, however, is not that plaintiff must make claims against the same defendants that he listed in the original complaint. Indeed, the defendants admit that it is the extrajudicial claim - here, the letter - that must assert the claims against the same defendants in the same capacities as the subsequent complaint. Id. at ¶ 6. The plaintiff, therefore, has met this third requirement because he listed out three potential defendants - Hilda Rodriguez Manzano ("Rodriguez") of the PRPA legal department; Jorge Santiago Marrero ("Santiago"), former Aguadilla Airport Manager, and the PRPA - and asserts that he would bring suit for damages against these three defendants in his March 13, 2012, letter. (Docket No. 140-1 at pp. 1-2.) In his third amended complaint, he adds facts about Rodriguez, Santiago, and the PRPA, (see Docket No. 132-1), but is only bringing the

Civil No. 09-2075 (FAB)                                           13

wrongful dismissal claim against defendant PRPA.[4]  While he is not bringing claims against all of the listed defendants in the letter, he is not adding any additional defendants.  Therefore, the plaintiff has met the third requirement for identicality in order to toll the statute of limitations against PRPA.

Because plaintiff has met the identicality requirements to toll the statute of limitations, the Court will grant plaintiff's motion to amend the complaint to include the factual allegations for a wrongful termination claim against defendant PRPA.  Plaintiff's extrajudicial letter, however, has not identified any claims with regards to any of the other original defendants in the second amended complaint.  (Docket No. 140-1 at pp. 1-2.)  Thus, no tolling of the statute of limitations occurs with regards to any claims against the other defendants listed in the second amended complaint and plaintiff may not bring a wrongful termination claim against them.  Only the section 1983 claim for political discrimination based on plaintiff's transfer to the Mercedita airport in Ponce, the removal of his sidearm, the negative performance evaluations, and threats of suspension and termination remain against the rest of the defendants.  Therefore,

---

[4] As mentioned above, plaintiff has clarified that he is only bringing the wrongful termination claim against defendant PRPA. (Docket No. 144 at p. 3.)

Civil No. 09-2075 (FAB)                                                14

the wrongful termination claim will only be brought against the PRPA and no other defendant listed in the second amended complaint.

**III. CONCLUSION**

For the reasons expressed, the Court **GRANTS** plaintiff Grajales' motion to amend the complaint. The plaintiff will file a final version of his third amended complaint devoid of corrections and deletions no later than **August 31, 2012**. Once the third amended complaint is filed, a scheduling order will issue.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 27, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
