IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL GRAJALES, WANDA GONZALEZ and CONJUGAL PARTNERSHIP GRAJALES-GONZALEZ, **Plaintiffs,** **v.** PUERTO RICO PORTS AUTHORITY, *et. al.,* **Defendants.** | CIVIL NO. 09-2075 (FAB) |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is plaintiffs' motion to strike pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") and defendant the Puerto Rico Ports Authority's ("PRPA") motion for a protective order. (Docket Nos. 185 and 193, respectively.) Having considered the plaintiffs' motion, (Docket No. 185), the defendants' response, (Docket No. 193), and the plaintiffs' reply to defendants' opposition, (Docket No. 205), the Court **DENIES** plaintiffs' motion to strike. Additionally, the Court **DENIES** defendant PRPA's motion for a protective order. (Docket No. 193.)

## DISCUSSION

### I.   Background

Plaintiffs Daniel Grajales ("Grajales"), Wanda Gonzalez ("Gonzalez"), and their conjugal partnership (collectively,

"plaintiffs"), allege that defendant PRPA, a public corporation,
and other defendants subjected him to political discrimination
through a variety of occurrences.  (Docket No. 146.)  Plaintiffs'
third amended complaint includes a general claim for civil rights
violations under 42 U.S.C. sections 1983 and 1985, state claims for
damages under the laws of the Commonwealth of Puerto Rico, and
Puerto Rico Law No. 100 for alleged discrimination.  Id.

On November 30, 2012, plaintiffs filed a motion to strike
pursuant to Rule 12(f), alleging that defendant PRPA has failed to
produce a witness pursuant to Federal Rule of Civil Procedure
30(b)(6)[1] ("Rule 30(b)(6)") and in violation of the Court's order.
(Docket No. 185 at pp. 1 and 5.)  Plaintiffs request that the Court
issue an order to show cause and to bar defendant PRPA from
presenting any evidence or witness at trial.  Id. at p. 5.
Additionally, plaintiffs argue that, pursuant to Rule 12(f), the
Court should (1) sanction the individual defendants in their

---

[1] Rule 30(b)(6) provides in relevant part:  "Notice or Subpoena
Directed to an Organization.  In its notice or subpoena, a party
may name as the deponent a public or private corporation . . . or
other entity and *must* describe with reasonable particularity the
matters for examination.  The named organization must then
designate one or more officers, directors, or managing agents, or
designate other persons who consent to testify on its behalf; and
it *may* set out the matters on which each person designated will
testify . . . The persons designated must testify about information
known or reasonably available to the organization . . . ."
(emphasis added).  Fed.R.Civ.P. 30(b)(6).

official capacity for their failure to answer the written discovery requests, and (2) sanction defendant PRPA for "having made the plaintiff file this motion . . . " Id.

On December 10, 2012, defendant PRPA filed a response to plaintiffs' motion to strike. (Docket No. 193.) It argues that Rule 12(f) does not apply to discovery disputes and that defendant PRPA produced for deposition a number of witnesses who were designated as 30(b)(6) witnesses. Id. at pp. 1 and 3. Furthermore, it argues that plaintiffs' motion is untimely because the discovery period terminated on November 20, 2012. Id. at pp. 3 and 5. Therefore, defendant PRPA requests the Court to deny plaintiffs' motion to strike and for sanctions. Id. at p. 5. It also requests the Court to issue a protective order deeming the "unspecified [Rule] 30(b)(6) discovery issues irrelevant to the pending motions for summary judgment." Id.

On December 28, 2012, the plaintiffs filed a reply to defendant PRPA's response. (Docket No. 205.) Plaintiffs reiterate that defendant PRPA has failed to produce a Rule 30(b)(6) witness. Id. at p. 2. To support their argument, plaintiffs discussed how each of the witnesses that defendant PRPA attempted to produce for a Rule 30(b)(6) deposition had no knowledge of plaintiffs' Rule

Civil No. 09-2075 (FAB)                                                    4

30(b)(6) Notice of Deposition.[2]  (Docket No. 205 at pp. 3-5; Docket No. 150.)  The Court finds the plaintiffs' arguments unavailing and will address each argument in turn.

## II.  Legal Analysis

### A.  Applicable Law Governing Depositions of an Organization and Sanctions Relating to Discovery

The Federal Rules of Civil Procedure "provide[] the basic framework" for discovery requirements.  See Harriman v. Hancock County, 627 F.3d 22, 29 (1st Cir. 2010).  Rule 30(b)(6) allows a party to notify or subpoena an organization to serve as a deponent.  Fed.R.Civ.P. 30(b)(6).  It must also "describe with reasonable particularity the matters for examination."  Id.  The named organization must designate at least one person who agrees to testify on behalf of the organization.  Id.  The organization may —but is not required to—specify the topics on which each designated person will testify.  Id.  "A Rule 30(b)(6) designee must be able to testify on behalf of an organization 'about information known or reasonably available to the organization.'"  Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 124 (2012) (citing Fed.R.Civ.P. 30(b)(6)).  If a party fails to comply with Rule 30(b)(6) or fails to cooperate in discovery generally, the Federal Rules of Civil

---

[2] This notice of deposition complies with Rule 30(b)(6) and sets out  all the different categories about which plaintiffs intended to inquire at the depositions.

Procedure allow the court to impose sanctions. Id.; Fed.R.Civ.P. 37. Specifically, pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may impose a sanction "if the Rule 30(b)(6) witness 'fails, after being served with proper notice, to appear for that person's deposition.'" Id. at 24. Furthermore, Federal Rule of Civil Procedure 30(d)(2) authorizes a court sanction any "person who impedes, delays, or frustrates the fair examination of the deponent." Baker, 670 F.3d at 123 (citing Fed.R.Civ.P. 30(d)(2)).

**B.   Plaintiffs' Claims Regarding its Rule 30(b)(6) Depositions**

    After reviewing the plaintiffs' and defendants' motions, the relevant exhibits, and the applicable rules, the Court disagrees with plaintiffs' arguments. First, the plaintiffs failed to file their motion pursuant to any rules governing discovery matters. Second, even if the plaintiffs moved the Court for sanctions under the appropriate Federal Rules of Civil Procedure, they fail to show that defendant PRPA refused to cooperate with discovery matters. Accordingly, the Court **DENIES** plaintiffs' motion.

First, the plaintiffs filed their motion to strike pursuant to Rule 12(f),[3] which governs motions to strike from pleadings not discovery. Fed.R.Civ.P. 12(f). Plaintiffs' motion to strike clearly seeks recourse for alleged failure to comply with its Rule 30(b)(6) notice of deposition. (See Docket No. 185.) Therefore, Rules 30(d)(2) and 37(d)(1)(A)(i) are the appropriate rules to seek sanctions relating to Rule 30(b)(6) depositions. Plaintiffs filed its motion under the incorrect Federal Rule of Civil Procedure.

Even if the plaintiffs had moved the Court for sanctions pursuant to the appropriate rules, plaintiffs fail to show that defendant PRPA refused to cooperate with plaintiffs' Rule 30(b)(6) notice of deposition. On the contrary, defendants provided a number of witnesses as designated persons to testify on behalf of defendant PRPA. (See Docket Nos. 185-1, 185-2, 185-3, and 185-4.) Indeed, plaintiffs attached partial transcripts of the depositions of Elmer Emeric-Oliver ("Emeric"), Roberto Ramos-Cruz ("Ramos"), Alberto Escudero-Morales ("Escudero), and Miguel Alcover-Colon ("Alcover"). Id. Therefore, plaintiffs cannot claim that pursuant

---

[3] Rule 12(f) provides in relevant part: "Motion to Strike. The court may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ." Fed.R.Civ.P. 12(f). (emphasis supplied)

to Rule 37(d)(1)(A)(i), the Court should issue a sanction because a witness failed to appear for the deposition.

Plaintiffs also cannot claim that, under Rule 30(d)(2), anyone impeded, delayed, or frustrated the fair examination of any of the persons that defendant PRPA designated to testify on its behalf.  The plaintiffs argue that during each of the four depositions, the deponents had not seen plaintiffs' Rule 30(b)(6) Notice of Deposition.  (Docket No. 205 at pp. 3-5; Docket No. 150.) Plaintiffs' counsel concluded on his own that because the deponents had not seen the notice, they were not prepared to testify on behalf of defendant PRPA.  (Docket No. 205 at pp. 4-5.)  Plaintiffs did not confirm his inference, however, by asking any of the four witnesses questions regarding defendant PRPA.  (See Docket Nos. 205-1, 205-2, 205-3, and 205-4.)  In at least two of the depositions, either defendant PRPA's counsel or the witness himself indicated that the witness was prepared to serve as a representative of defendant PRPA and to testify on defendant PRPA's behalf pursuant to Rule 30(b)(6).  (Docket No. 205-1 at pp. 17 and 21; Docket No. 205-2 at p. 2.)  The proper way to determine whether a witness can answer the questions related to the topics listed in the Rule 30(b)(6) notice is to ask the questions relating to the topics listed in it, not by asking if  the witness has seen the notice.  Because plaintiffs' counsel failed to ask his questions

during the deposition, plaintiffs cannot now claim that defendant PRPA failed to comply with its notice nor can they claim that anyone else impeded the fair examination of the witnesses.

      Finally, plaintiffs stated that another reason that they did not proceed with the questioning was because defendant PRPA did not enumerate which designated persons would testify to which specific matters listed in the Rule 30(b)(6) notice. (See Docket No. 205-1 at pp. 7-12; Docket No. 205 at p. 4.) Plaintiffs contend that defendant PRPA's counsel fails to understand how Rule 30(b)(6) operates. (Docket No. 205 at p. 4.) Specifically, they argue that defendant must respond to the Rule 30(b)(6) notice with its own notice and specify which areas each witness will respond to during the deposition. (Docket No. 205-1 at pp. 7-8.) Plaintiffs are the ones, however, who misunderstand the rules. Rule 30(b)(6) only requires an organization to designate a person to testify on behalf of it. Fed.R.Civ.P. 30(b)(6). The rule then states clearly that "[the organization] *may* set out the matters on which each person designated will testify" but does not require the organization to do so (emphasis added). Id. Therefore, the Court finds plaintiffs' argument about the requirements of Rule 30(b)(6) unavailing.

      Defendant PRPA and their witnesses indicated that they were ready to testify pursuant to plaintiffs' Rule 30(b)(6) notice

of deposition.  Because plaintiffs failed to ask questions relating

to their Rule 30(b)(6) notice during the deposition, they cannot

now claim that defendants failed to comply with the notice.

Therefore, the Court **DENIES** plaintiffs' motion to strike, for an

order to show cause, and for sanctions.

   **C.   Defendant PRPA's Motion for Protective Order**

        In its response to plaintiffs' motion to strike,

defendant PRPA also requested a motion for a protective order

"deeming [the] remaining unspecified 30(b)(6) discovery issues

irrelevant to the pending motions for summary judgment." (Docket

No. 193 at p. 5.)  In support of its argument, defendant PRPA

boldly asserts that "Due to time constraints and other pressing

matters, the defendant only pointed out several issues, figuring

that it would not have been necessary to discuss each and every one

of the other impertinent 30(b)6 [sic] issues raised by the

plaintiff in his letter."  Defendant PRPA also argues that "The

Court should note that plaintiff has referred to the 30(b)(6)

issues in a general manner without specifying or discussing any

particular one." (Docket No. 193 at p. 5.)  Yet, it also states in

a cursory manner that the "remaining 30(b)(6) issues . . . do not

have any relevance or materiality to [defendants'] statement of

material uncontroverted facts which are dispositive of the

Plaintiff's Third Amended Complaint." Id. at p. 6.  Defendant PRPA

fails to make any developed arguments and fails to point to any evidence in the record or legal authority in support of its claims. Therefore, the Court deems these issues waived.  <u>See</u> <u>McDonough v. Donahoe</u>, 673 F.3d 41, 49 n.14 (1st Cir. 2012) (internal citations omitted).

        Finally, even if the issues were not waived, defendant PRPA acknowledges that the Court has already ruled on this matter by listing several specific issues that plaintiffs could not ask about during its Rule 30(b)(6) deposition.  (Docket No. 168; <u>see</u> Docket No. 193 at p. 4.)  Defendant PRPA has not stated additional issues or reasons aside from those listed in its original motion for protective order, (Docket No. 166), or why the Court should grant its current motion for a protective order, (Docket No. 193).  "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority."  <u>Rodriguez v. Municipality of San Juan</u>, 659 F.3d 168, 175 (1st Cir. 2011) (internal citations omitted).  The Court will not consider defendant PRPA's perfunctory arguments when it engages in lazy lawyering.  <u>Cf.</u> <u>Mulero-Abreu v. Oquendo-Rivera</u>, 729 F.Supp.2d 498, 510 n.7 (2010).

        Because defendant PRPA fails to make any effort at development argumentation, the Court **DENIES** its motion for a protective order.  (Docket No. 193.)

**CONCLUSION**

For the reasons expressed, the Court **DENIES** plaintiffs' motion to strike, for an order to show cause, and for sanctions. (Docket No. 185.)  The Court also **DENIES** defendant PRPA's motion for a protective order.  (Docket No. 193.)

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 23, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE