IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL GRAJALES,<br>WANDA GONZALEZ and CONJUGAL PARTNERSHIP GRAJALES-GONZALEZ,<br><br>**Plaintiffs**,<br><br>v.<br><br>PUERTO RICO PORTS AUTHORITY, *et al.*,<br><br>**Defendants**. | CIVIL NO. 09-2075 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Puerto Rico Ports Authority's motion for summary judgment on *res judicata* grounds. (Docket No. 184.) Having considered the motion and plaintiffs' response, (Docket No. 200), the Court **DENIES** defendant PRPA's motion.

**DISCUSSION**

**I.   Procedural Background**

On October 16, 2009, plaintiff Daniel Grajales ("Grajales"), his wife Wanda Gonzalez ("Gonzalez"), and their conjugal partnership[1] filed a complaint against the defendants. (Docket No. 1.) The complaint included a general claim for civil rights violations under 42 U.S.C. sections 1983 and 1985, state claims for

---

[1] Because the claims of Grajales' wife are wholly derivative, the Court will refer to Grajales as if he were the only plaintiff.

damages under the laws of the Commonwealth of Puerto Rico, and Puerto Rico Law No. 100 for alleged discrimination.  Id.  Plaintiff Grajales filed an amended complaint pursuant to a court order on February 26, 2010.  (Docket No. 31.)  He filed a second amended complaint on September 27, 2010.  (Docket No. 66.)  The second amended complaint included as defendants the Puerto Rico Ports Authority ("PRPA"), a public corporation, and co-defendants Alvaro Pilar-Vilagran ("Pilar"), Miguel Alcover-Colon ("Alcover"), Elmer Emeric-Oliver ("Emeric"), Gonzalo Gonzalez-Santini ("Gonzalez-Santini"), Carlos Travieso ("Travieso"), among others, in their official and personal capacities (collectively, "defendants"). (Docket No. 66.)  Plaintiff Grajales argues that defendants subjected him to political discrimination through a variety of occurrences.  Id.  On August 31, 2012, plaintiff Grajales filed a third amended complaint.  (Docket No. 146.)  In the third amended complaint, he added a wrongful termination claim against defendant PRPA and added his minor children, ZGG, DGG, and CGG as plaintiffs in the suit for damages.  See id.

On November 30, 2012, defendant PRPA filed a motion for summary judgment.  (Docket No. 184.)  It argues that the doctrines

of *res judicata*,[2] collateral estoppel, and fragmentation estoppel[3] apply to this case, and that therefore, the case should be dismissed.  Id.  It also contends that because the federal claims should be dismissed, all of the supplemental state law claims should be dismissed as well.  Id.  On December 28, 2012, plaintiff Grajales responded to defendant PRPA's motion for summary judgment. (Docket No. 200.)  He argues that both the doctrines of *res judicata* and collateral estoppel do not apply in this case, id. at pp. 11-17, and requests that the Court deny defendant PRPA's motion for summary judgment.  Id. at p. 18.  For the reasons discussed herein, the Court **DENIES** defendant PRPA's motion for summary judgment because of *res judicata*.

## II.  Factual Background

On May 20, 2011, plaintiff Grajales received a termination letter which dismissed him from his employment at defendant PRPA. (Docket No. 184-2.)  At the time, he was a security supervisor at the Aguadilla airport.  Id.  On March 13, 2012, plaintiff's

---

[2] *Res Judicata* is an affirmative defense that must stated when a party responds to a pleading.  Fed.R.Civ.P. 8(c)(1).  In its answer to plaintiff's third amended complaint, defendant PRPA states that plaintiff's claims are precluded by the doctrine of *res judicata*.  (Docket No. 173 at pp. 8-9.)  It reiterates these claims in its motion for summary judgment.  (Docket No. 184.)

[3] Defendant PRPA's "fragmentation estoppel" argument is, in essence, a restatement of his claim preclusion argument.

Civil No. 09-2075 (FAB)                                                         4

attorney wrote an extrajudicial letter to defendant PRPA, which had a tolling effect on the one-year statute of limitations for plaintiff's cause of action.  (See Docket Nos. 142-1, 145, & 184-2.)

On April 12, 2012, plaintiff Grajales filed a complaint in the Puerto Rico Court of First Instance, Aguadilla Superior Division against defendant PRPA, claiming that he was wrongfully fired from his job pursuant to Puerto Rico Law 115, P.R. Laws Ann. tit. 29, § 194 ("Law 115").  Id. at pp. 5-9.  ("Law 115 case").  (See Docket No. 184-3 at p. 5.)  On May 25, 2012, the Secretary of Labor and Human Resources of Puerto Rico ("Secretary of Labor") filed a complaint on behalf of plaintiff Grajales also in the Puerto Rico Court of First Instance, Aguadilla Superior Division against defendant PRPA ("Law 115 case").  (See Docket No. 184-6 at p. 5.)  In that complaint, the Secretary of Labor contends that plaintiff Grajales was wrongfully dismissed in violation of Puerto Rico Law 16, P.R. Laws Ann. tit. 29, § 361 ("Law 16").  Id. at pp. 5-8.

In August 2012, within two days of each other, the Secretary of Labor and plaintiff Grajales submitted motions to dismiss the Law 16 and the Law 115 cases without prejudice.  (Docket No. 184-4 at p. 2; 184-7 at p. 2).

### III. Summary Judgment Standard

The Court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it has the potential to "affect the outcome of the suit under the governing law." Id. A dispute is "genuine" when it "could be resolved in favor of either party." Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party must demonstrate this through definite and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). It must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion. Id. (citing Fed.R.Civ.P. 56(c)). Once a properly supported motion has been presented, the burden shifts to the non-moving party "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted).

If the non-moving party establishes uncertainty as to the "true state of any material fact, the movant's efforts should be deemed unavailing." See Lopez & Medina Corp, v. Marsh USA, Inc., 694 F. Supp. 2d. 119, 123 (D.P.R. 2010) (citing Suarez v. Pueblo Int'l., 229 F.3d 49, 53 (1st Cir. 2000)). It is well-settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252. It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion.'" Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (internal citation omitted). Otherwise, summary judgment is appropriate if the non-moving party's case rests merely upon "conclusory allegations, improbable references, and unsupported speculation." Forestier Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006).

**IV.  Defendant's Motion for Summary Judgment**

The Court denies defendant PRPA's motion for summary judgment. Neither the defendant nor the plaintiff has put the Court in a position to decide the merits of the motion; the filings of both parties are insufficient. While defendant PRPA provides a certified translation of one Supreme Court of Puerto Rico case on which it relies, (see Docket No. 184-9 at p. 1), it cites to

Civil No. 09-2075 (FAB)                                                    7

several other cases repeatedly and discusses them in detail without providing the Court with any certified translation, (see Docket No. 184).  Plaintiff's response to defendant's motion to summary judgment fares no better:  he also discusses several Puerto Rico cases in detail but does not provide the Court with any certified translations.  (See Docket No. 200.)  Instead of citing relevant authority, plaintiff cites to his own set of material facts as proof of his arguments in his response to defendant's motion for summary judgement.  Id.  Furthermore, plaintiff filed what appears to be a copy of the court of appeals docket for one of the Aguadilla Superior Court cases, which is completely in Spanish with no English translation.  (Docket No. 200-2 at pp. 2-4.)  "All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."  48 U.S.C. § 864.  In applying this provision, the First Circuit Court of Appeals has stated that "[it] ha[s] enforced the rule where the Spanish language document or matter is key to the outcome of the proceedings in the district court."  Dalmau, 544 F.3d at 67.  Even were the Court to consider those cases and other documents, it still would not be in a position to reach the merits of the motion because of the lack of material facts and the paucity of case law and analysis by both sides.  It is black-letter law "that issues adverted to in a perfunctory manner, unaccompanied by

Civil No. 09-2075 (FAB)                                                    8

some effort at developed argumentation, are deemed waived." <u>U.S. v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).  A party may not merely "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones.  <u>Id.</u>  "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority."  <u>Rodriguez v. Munic. of San Juan</u>, 659 F.3d 168, 175 (1st Cir. 2011).

### CONCLUSION

For the reasons expressed, the Court **DENIES** defendant PRPA's motion for summary judgment on *res judicata* grounds.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 13, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE