# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL GRAJALES, *et al.*, <br><br>**Plaintiffs**, <br><br>v. <br><br>PUERTO RICO PORTS AUTHORITY, *et al.*, <br><br>**Defendants**. | CIVIL NO. 09-2075 (FAB) |

## MEMORANDUM & ORDER

BESOSA, District Judge.

Before the Court are two motions by defendant Puerto Rico Ports Authority ("PRPA"): (1) an "urgent motion to request order regarding adequate compliance with docket number 331," (Docket No. 333); and (2) a motion *in limine* seeking to exclude items raised in plaintiffs' pre-trial memorandum, (Docket No. 334). For the reasons stated below, the Court **GRANTS** PRPA's urgent motion regarding the pre-trial memorandum (Docket No. 331), and **GRANTS IN PART** and **DENIES IN PART** PRPA's motion *in limine* (Docket No. 334).

## I. Procedural Background

This case was tried before a jury in February, 2013. All of plaintiffs' claims but the retaliation claim were dismissed pursuant to Federal Rule of Civil Procedure 50, (Docket No. 279), and the jury deadlocked as to the retaliation claim (Docket No. 282.) Thus, the retaliation claim remains to be re-tried. The

Civil No. 09-2075 (FAB)                                                      2

Court ordered the entry of default against PRPA on August 28, 2013. (Docket Nos. 311 & 312.) On October 18, 2013, PRPA moved unsuccessfully to set aside the entry of default. (Docket Nos. 315 & 317.) A default hearing to establish liability has not yet been held; this case is on the Court's ready-to-try calendar. At such hearing, PRPA may participate but may not present evidence as to liability or damages. (Docket No. 331.)

On November 6, 2013, the Court ordered the parties to submit a joint proposed pre-trial order by November 19, 2013. (Docket No. 331.) Plaintiff submitted a pre-trial memorandum on November 19, 2013. (Docket No. 332.) On November 29, 2013, PRPA filed the two above-mentioned motions raising issues with plaintiffs' pre-trial memorandum. (Docket Nos. 333 & 334.)

**II.  Urgent Motion Regarding Pre-trial Memorandum**

PRPA first objects to plaintiffs' pre-trial memorandum because (1) it was not "joint;" and (2) it does not provide a clear statement of plaintiffs' legal theory, in violation of Local Rule of Civil Procedure 16(d)(3).[1] As to the second ground, the Court has reviewed the pre-trial memorandum and finds that it

---

[1] The rule specifies that a pre-trial order should contain "a brief statement of the party's contentions with respect to any controverted material facts, contested issues of law, including evidentiary questions, together with supporting authority." Loc. R. Civ. P. 16(d)(3).

Civil No. 09-2075 (FAB)                                                3

sufficiently complies with Local Rule 16; the memorandum provides a brief description of the controverted factual and legal issues. (See Docket No. 332.)  Moreover, given that PRPA has already participated in a jury trial in this case, the Court finds baffling PRPA's claim to not understand plaintiffs' legal theory.

The Court agrees with PRPA, however, regarding the first issue raised.  Plaintiffs contend that because PRPA is in default and cannot present evidence as to its liability at the default hearing, PRPA was not entitled to participate in the pre-trial order. (Docket No. 337.)  The Court disagrees.  Though it is true that a "defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability . . .,'" Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)), PRPA's ability to participate in the case requires that it have the opportunity to contribute to the joint pre-trial order.  Accordingly, PRPA's motion is **GRANTED**.  The parties are **ORDERED** to submit a joint pre-trial order by March 31, 2014.

**III. PRPA's Motion *In Limine***

Next, PRPA moves to exclude from trial the following evidence mentioned in plaintiffs' pre-trial memorandum:  (1) evidence of

Civil No. 09-2075 (FAB)                                                4

Puerto Rico Department of Labor ("PR DOL") determinations; (2) the testimony of PR DOL investigators; and (3) hearsay evidence consisting of a Facebook posting and an expert witness report. (Docket No. 334.)  The Court addresses each category of evidence in turn.

### A. Evidence of PR DOL Determinations

PRPA cites a Puerto Rico Supreme Court case, <u>Acevedo Santiago v. Western Digital Caribe, Inc.</u>, 140 D.P.R. 452, 468-69 (1996), for the proposition that PR DOL determinations are not conclusive in a subsequent judicial action.  The Court need not consider this argument because (1) the cited case is not in English (<u>see</u> <u>Puerto Ricans for P.R. Party v. Dalmau</u>, 544 F.3d 58, 67 (1st Cir. 2008); 48 U.S.C. § 864); and (2) Puerto Rico Supreme Court evidentiary decisions do not control the district court's evidentiary rulings.

### B. Testimony of PR DOL Investigators

PRPA further contends that the testimony of PR DOL investigators is barred by (1) the best evidence rule; and (2) the parol evidence rule.  PRPA contends that because the investigators intend to testify regarding investigations — the findings of which were recorded in reports — the best evidence and parole evidence rules prohibit them from testifying "as to the contents of their

Civil No. 09-2075 (FAB)                                                    5

written reports, as said reports speak for themselves, are the best evidence of their content, [and] do not require any extrinsic evidence for their interpretation." (Docket No. 334 at pp. 4-5.) This argument completely misses the mark.

The best evidence rule is codified in Federal Rules of Evidence 1001 to 1008. Rule 1002 provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The rule "requiring the producing of the original document applies only when the proponent is attempting to prove the contents or terms of a writing." <u>R & R Assocs., Inc. v. Visual Scene, Inc.</u>, 726 F.2d 36, 38 (1st Cir. 1984) (quoting G. Lilly, An Introduction to the Law of Evidence § 116 (1978)). The fact that a written record of an event was made does not mean that the rule applies to bar nondocumentary evidence of that event. Fed. R. Evid. 1002 advisory committee's note. Were the Court to accept this argument, it would engender an absurd disincentive against investigative note-taking, and a problematic preference for documentary recollections over testimonial recollections. Here, the named witnesses are absolutely permitted to testify from their first-hand experience about the investigations they undertook.

Civil No. 09-2075 (FAB)                                                    6

PRPA further contends that the parol evidence rule bars "the introduction of prior or contemporaneous written or oral arguments that contradict, vary or broaden an integrated writing." (Docket No. 334 at p. 3) (quoting Berezin v. Regency Bank, 234 F.3d 68, 72 (1st Cir. 2000)).  The parol evidence rule is a rule of substantive contract law.  See Restatement (Second) of Contracts § 213 (1981); Wheeler v. Blumling, 521 F.3d 1, 4-5 (1st Cir. 2008). As such, the rule is wholly inapplicable here.  This case is not a contract dispute, nor do the investigators purport to testify regarding a contract.

    **C.    Hearsay Evidence**

Lastly, PRPA seeks to exclude (1) an expert witness report, and (2) evidence of a Facebook posting by a PRPA employee as inadmissible hearsay.  The Court agrees that the expert witness's report is inadmissible hearsay. Redondo Constr., Co. v. Izquierdo, 929 F. Supp. 2d 14, 19 (D.P.R. 2013).  Nevertheless, at trial the expert witness may be permitted, or required, to disclose the facts or data upon which his or her opinion is based. See Fed. R. Evid. 705.

The Facebook posting by Jorge Santiago, an employee of PRPA, is likely admissible as an opposing party's statement pursuant to Rule 801(d)(2)(D). If this evidence is offered at

Civil No. 09-2075 (FAB)                                                7

trial, the Court will at that time determine whether the evidence is admissible pursuant to Rule 801's requirements.

Accordingly, PRPA's motion *in limine* is **GRANTED IN PART** as to the expert witness report, and **DENIED IN PART** as to the Facebook posting, the PR DOL investigators' testimony, and evidence of the PR DOL determination.

**IV. Conclusion**

For the reasons stated above, PRPA's motion regarding compliance is **GRANTED**.  The parties are **ORDERED** to submit a joint pre-trial order by March 31, 2014.  PRPA's motion *in limine* is **GRANTED IN PART** as to the expert witness report and **DENIED IN PART** as to the remaining items.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 18, 2014.

s/ Francisco A. Besosa  
FRANCISCO A. BESOSA  
UNITED STATES DISTRICT JUDGE